

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

BRIDGET CLARK                                                       PLAINTIFF

v.                                        CIVIL ACTION NO. 3:19CV197 HTW-LRA

THE UNITED STATES OF AMERICA                       DEFENDANTS
AND JOHN DOES I-III

## COMPLAINT

COMES NOW the Plaintiff, Bridget Clark, by and through her attorney, and files this Complaint against the Defendants, The United States of America, and John Does I-III, and in support thereof would respectfully show unto the Court as follows:

1. The Plaintiff, Bridget Clark, is an adult resident citizen of Neshoba County, Mississippi.

2. Defendant, The United States of America, is a governmental entity who may be served with process by serving its Attorney General and U.S. Attorney for the Southern District of Mississippi.

3. The true names and capacities, whether individual, corporate, associate, representative, or otherwise, of Defendants named herein as John Does I-III are unknown to Plaintiff. Plaintiff consequently sues these Defendants by those fictitious names and will seek to amend this Complaint and state the true names and capacities of these Defendants when they have been ascertained.

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1346, 2401, and 28 U.S.C. §§ 2671, *et. seq.*, in addition to 25 U.S.C. 450f(d). Venue is proper in this judicial district pursuant to 28 U.S.C. §1402(b)), as the United States is a Defendant and a substantial part of the events or omissions giving rise to the claim occurred in this district.

5. On June 18, 2014, Ms. Clark was traveling north on Martin Road in Choctaw, Mississippi.

At this same time, Robert Paul Tubby was driving a school bus, registered to the Mississippi Band of Choctaw Indians, south bound on Martin Road.

6. As Tubby approached the Golden Moon Casino turn, while the bus was still moving, he turned around in order to tell the children on the bus to settle down. When he turned back around, he realized he was about to rear-end another vehicle, at which time he swerved the bus into the opposite lane of travel and into oncoming traffic. When he did so, he struck, head-on, a 2004 Oldsmobile Alero being driven by Bridget Clark.

7. Due to the collision, Plaintiff suffered personal injuries, including, but not limited to, a pneumothorax/collapsed lung, a broken right femur, a broken right tibia, a broken right fibula, a broken right ankle, a broken right patella/knee cap, and ground-glass present in both her lungs from the trauma.

8. Plaintiff's hospitalization and follow up therapy and care to date exceeds $130,000; she will require future care and potential future surgeries; and she has permanent impairments, as well as some that are potentially disabling, as a result of the injuries received in the collision.

9. The Mississippi Band of Choctaw Indians contracts with the Bureau of Indian Affairs pursuant to a Tribally Controlled School Grant, pursuant to 25 U.S.C. 2501 *et seq.* to administer educations services on the Choctaw Indian Reservation.

10. When a tort claim is made against the Tribe where the Tribe is involved in providing educations services, such as transporting children to and from school or school-related activities, all such claims shall fall within the Federal Tort Claims Act.

11. Thus, the actions of Tubby on June 18, 2014, in colliding with Plaintiff, are attributable to The United States of America, Defendant herein.

12. On June 9, 2016, Plaintiff presented her claim to Defendant, The United States of America, by submitting a properly completed Form SF-95.

13. On October 2, 2018, Defendant, The United States of America, denied the claim.

14. The United States of America, through the actions of Tubby, was negligent in one or more of the following ways:

    a. failing to yield the right of way;

    b. failing to keep an appropriate following distance;

    c. traveling at a speed too fast for conditions then present;

    d. failing to keep a proper lookout;

    e. failing to maintain a proper lane;

    f. failing to abide by the laws of the State of Mississippi pertaining to operation of a motor vehicle; and

    g. other unlawful and/or negligent acts as ascertain through discovery.

15. The negligence of The United States was the sole and proximate cause of the resulting crash and Plaintiff's injuries.

16. Due to those injuries suffered by Plaintiff, Plaintiff is entitled to recover from the Defendants the following damages:

    a. Past medical and related expenses;

    b. Future medical and related expenses;

    c. Physical pain and suffering, and permanent impairment;

    d. Lost earning capacity;

    e. Lost wages;

    f. All other damages arising from, or in any way associated with, the subject accident and resulting injuries to the Plaintiff.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff seeks compensatory damages from the Defendants in the amount of FIVE MILLION DOLLARS ($5,000,000.00).

THIS, the 19th day of March, 2019.

        PLAINTIFF, BRIDGET CLARK

*/s/ R. Kevin Hamilton*

R. KEVIN HAMILTON - MSB # 100886
THE HAMILTON LAW FIRM
911 26th Avenue
P.O. Box 1511
Meridian, MS 39302-1511
Phone: (601) 974-5900
Fax:    (888) 855-0691
*Attorneys for Plaintiff*